IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

EDWIN ENRIQUE VILLAGRAN
CAMPOS, *et al.*,
                *Petitioners*,

    v.

KRISTI NOEM, *et al.*,
                *Respondents*.

1:25-cv-02268-MSN-LRV

ORDER

Petitioners Edwin Enrique Villagran Campos, Kevin Omar Rocha Ramos, and Javier Bernal Lopez ("Petitioners") have filed a Petition for Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2241, in which they assert that they have been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioners allege that their characterization by DHS as "applicants for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting them to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act (Count I) and their due process rights (Count II).

Petitioners are currently detained at the Farmville Detention Center, an immigration detention facility within this Court's jurisdiction. He has sued Jeffrey Crawford, the warden of that facility. He has also sued Kristi Noem, the DHS Secretary; Todd Lyons, ICE's Acting Director; Joseph Simon, the Director of ICE's Washington Field Office; and Pamela Bondi, the Attorney General (collectively, "Federal Respondents").

In response to the Court's Order of December 9, 2025 (ECF 2), Federal Respondents have confirmed that the factual and legal issues in presented in the Petition do not differ in any material

fashion from those presented in *Servellon Martinez*, 1:25-cv-1792 (E.D. Va.).[1] ECF 4. Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Count II.[2]

## I.   BACKGROUND

Petitioner Edwin Enrique Villagran Campos is a citizen of El Salvador. ECF 1 ¶ 36. He most recently entered the United States in 2011, at which time he entered without inspection *Id.* Mr. Villagran Campos subsequently moved to Germantown, Maryland, where he lives with his wife and four children, two of whom are U.S. citizens. *Id.* ¶ 37. On August 19, 2025, police officers stopped Mr. Villagran Campos while he was on his way to work. *Id.* ¶ 40. The Petition suggests that the officers transferred Mr. Villagran Campos to immigration custody and eventually to the Farmville Detention Center, where he remains detained. *See id.* ¶¶ 40-41.

Petitioner Kevin Omar Rocha Ramos is a citizen of Nicaragua who, like Petitioner Villagran Campos, entered the United States without inspection in 2011. *Id.* ¶ 45. Mr. Rocha Ramos now lives in Washington, D.C. with his mother and three U.S. citizen children, one of whom has autism. *Id.* ¶ 46. On November 16, 2025, immigration officers detained Mr. Rocha Ramos while he was walking his dog. *Id.* ¶ 47. ICE subsequently transferred him to Farmville Detention Center where he is currently detained. *Id.* ¶ 48.

Petitioner Javier Bernal Lopez is a citizen of Mexico who entered the United States without inspection in 2005. *Id.* ¶ 52. Mr. Bernal Lopez later moved to Louisa, Virginia. *Id.* ¶ 53. On

---

[1]   The Response improperly lists Lindsey Halligan as the United States Attorney and Special Attorney for this district. The Court does not recognize Ms. Halligan as being authorized to represent the United States given the decisions in *United States v. Comey*, No. 1:25-cr-272, – F. Supp. 3d –, 2025 WL 3266932 (E.D. Va. Nov. 24, 2025), and *United States v. James*, No. 2:25-cr-122, – F. Supp. 3d –, 2025 WL 3266931 (E.D. Va. Nov. 24, 2025), which have neither been stayed nor appealed as of this date. *See also United States v. Giraud*, Nos. 25-2635 & 25-2636, – F.4th –, 2025 WL 3439752 (3d Cir. Dec. 1, 2025).

[2]   Because the Court grants the Petition as to Count II, it need not address Petitioners' other claims.

November 25, 2025, he was placed in immigration custody following a police visit to his residence. *Id.* ¶ 54. He is also currently detained at Farmville Detention Center. *Id.* ¶ 55.

Petitioners each allege that DHS considers them detained pursuant to 8 U.S.C. § 1225(b) and, therefore, it would be futile to request release on bond pursuant to the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[3]

## II.    ANALYSIS

The central question posed in the Petition is whether Petitioners are subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioners contends that their detention should be governed by § 1226(a) and that their current detention without bond pursuant to § 1225(b)(2) violates their right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id*. at 5-14. They therefore argue that because Petitioners are present in

---

[3]      Federal Respondents have waived any argument that Petitioners did not exhaust their administrative remedies with respect to their habeas claims. However, to ensure that Petitioners' eventual bond hearings comports with ordinary ICE procedures, this Court will direct Petitioners to file a motion for custody redetermination pursuant to 8 C.F.R. § 236.1(d)(1) before Federal Respondents hold the hearings required by this Order.

the United States but have not been legally "admitted," they should be considered applicants for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id*.

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[4] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8-9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioners have been present in the United States for between fourteen and twenty years and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioners' detention is governed by § 1226(a). And under § 1226(a) and its implementing

---

[4]    *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

regulations, they are entitled to a bond hearing before IJ, in which the IJ must determine whether they pose a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioners' continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates their right to due process.

## III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that to the extent that Petitioners seek release from detention, Petitioners file a motion requesting a bond hearing or custody redetermination as soon as practicable; and that Federal Respondents provide Petitioners with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of that motion; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioners on the basis that they are detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioners have been granted bond, and, if their requests for bond are denied, the reasons for that denial.

The Clerk is directed to enter judgment in Petitioners' favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/

Michael S. Nachmanoff
United States District Judge

December 12, 2025
Alexandria, Virginia